IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joan Lee Ross, et al.,            :

       Plaintiffs,            :

    v.                            :     Case No. 2:12-cv-743

Home Depot USA Inc., et al.,    :
                            Magistrate Judge Kemp
       Defendants.            :

OPINION AND ORDER

Joan Lee Ross tripped and fell over an extension cord at a Home Depot store in June, 2012.  She filed this action the following month seeking to recover compensatory damages on a theory of negligence and premises liability.

The case is now before the Court to consider a motion filed by Ms. Ross for attorneys' fees incurred in connection with a prior discovery motion.  For the following reasons, the Court will defer action on the motion pending further filings.

In an Opinion and Order filed on October 25, 2013, the Court granted Ms. Ross's motion to compel discovery and directed Home Depot to produce, for an attorneys' eyes only review, a document titled "Home Depot Asset Protection Guide."  It did so based on an *in camera* review of that document, which showed that there were a fair number of arguably relevant portions of the document which Home Depot had not produced, and based on the fact that Home Depot provided no evidentiary support for its claim that the contents of the Guide deserved trade secret protection.  Ross v. Home Depot USA, Inc., 2013 WL 5775300 (S.D. Ohio Oct. 25, 2013). Confidentiality and lack of relevance were the two reasons Home Depot had advanced for not producing the document in its

entirety, or any additional pages from it, in response to the motion to compel.

After reviewing the Guide, Ms. Ross's counsel concluded that at least ten pages of the document referred either to the use of extension cords or to other relevant customer safety protocols. In her motion for attorneys' fees, she argues that "given the clear relevance of these documents, and the complete lack of support for the assertion of 'trade secret protection' ... it cannot be stated that Defendant's resistance to the disclosure of these documents was 'substantially justified.'" Motion for Attorneys' Fees, Doc. 55, at 3.  That, of course, is the standard to be applied under Fed.R.Civ.P 37(a)(5)(A)(ii) to determine whether the Court may choose not to impose an otherwise mandatory award of costs and fees incurred by a party who has successfully moved to compel discovery.  Ms. Ross seeks fees in the amount of $1,755.00 representing 6.5 hours of attorney time, billed at either $250.00 or $350.00 per hour.

Home Depot filed a brief response to the motion arguing that it made a good faith objection to the production of the entire Guide, based on the irrelevance of much of the document, and that Ms. Ross did not demonstrate with specificity how the additional pages of the Guide referred to in her motion actually relate to the issue in this case.  It also asserts - again, without any factual support - that the Guide contains "confidential and proprietary information Home Depot sought to protect from disclosure in the marketplace."  Response to Motion for Attorneys' Fees, at 3.  Consequently, it contends that its opposition to producing the Guide or those portions of it was substantially justified.  It made no argument as to the reasonableness of either the hours expended or the billing rates of the attorneys who worked on the motion to compel.

In reply, Ms. Ross reiterates her arguments, noting

additionally that the Court, based on its *in camera* review, located pages in the Guide which were relevant, and pointing out that Home Depot has never supported its claim of confidentiality with any evidence, even as part of its opposition to the motion for attorneys' fees. The disputed pages of the Guide were not attached to the reply; however, they are part of the record in this case since the entire Guide was previously filed under seal (Doc. 40).

The justification that the pages in question are deserving of some type of protection is still totally unsupported by anything in the record. Further, the proper way to have handled that matter, especially given that Ms. Ross is not a competitor of Home Depot, would have been to produce any relevant portions of the Guide under the already-existing protective order (Doc. 17). Home Depot did just that with respect to the three pages it produced. The Court sees nothing about any other pages of the Guide which would appear to be more confidential or sensitive than the ones produced subject to the protective order, so Home Depot's refusal to produce other relevant pages of the Guide (if there were any) on grounds of confidentiality cannot, under these circumstances, be viewed as substantially justified.

That leaves the question of relevance. As the Court understands the record, Home Depot voluntarily produced pages 56, 86 and 88 of the Guide, objecting to any other production (or even inspection) on relevance grounds. Ms. Ross claims that the documents numbered HD 1023-1025, 1035, 1076-77, 1079, 1106, 1108, and 1139 are all relevant. Although those pages are, presumably, included within the document which Home Depot filed with the Court, apparently the numbering has changed. The copy of the Guide in the Court's file has pages numbered from HD 0841 to HD 1003. The Court therefore cannot tell which pages Ms. Ross is actually referring to, nor can it make a determination of whether

-3-

the withholding of those pages was substantially justified.

Under these circumstances, the Court cannot make a proper ruling on the motion.  It therefore defers any ruling until it has been advised of which pages of the Guide Ms. Ross has identified in her motion.  Identifying them by the actual page numbers found in the Guide rather than by Bates numbers will suffice.  Ms. Ross may submit that information within seven days. The Court also notes that the Guide was only one of several subjects addressed in the motion to compel, and that if the Court awards fees, it would be inclined to reduce the claimed amount for that reason.  The parties may consider this information in determining if they will continue to move forward with the fees issue.


                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge