IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joan Lee Ross, et al.,             :

    Plaintiffs,              :

  v.                               :        Case No. 2:12-cv-743

Home Depot USA Inc., et al.,       :
                                                      Magistrate Judge Kemp
    Defendants.              :

OPINION AND ORDER

This matter is before the Court on a motion for sanctions filed by plaintiffs Joan Lee Ross and her husband James Craig Ross against defendant Home Depot, U.S.A. ("Home Depot"). The Rosses seek sanctions based on Home Depot's failure to preserve some video footage of the fan display at issue. The motion has been briefed fully and is now ripe for decision. For the reasons set forth below, the motion for sanctions will be granted.

I. Background

Plaintiff Joan Lee Ross tripped and fell over an extension cord at a Home Depot store in June, 2012. Plaintiffs filed this action to recover compensatory damages on a theory of negligence and premises liability. Plaintiffs also set forth a claim for loss of consortium and seek punitive damages.

The facts relevant to this motion are largely undisputed. Eight days after Ms. Ross tripped and fell, her attorneys sent Home Depot a "preservation letter." The letter requested "that all video from surveillance cameras for June 19, 2012 be preserved, including all video depicting the incident" and that "all video showing the fan display area from the time the fan display was erected to the time of the incident be preserved for future inspection." (Doc. 57, Ex. A at 2).

As part of their discovery the Rosses asked for some of this

evidence.  Specifically, they made this document request:

> **REQUEST FOR PRODUCTION NO. 9:** Please produce all surveillance video and/or photographs depicting the area where Plaintiff Joan Lee Ross fell from the time that the fan display adjacent to the aisle when Plaintiff Joan Lee Ross fell through the time that Plaintiff Joan Lee Ross was removed from the store by EMS personnel, as well as all surveillance video and/or photographs depicting store employees disconnecting the electrical cord that supplied electricity to the fan display.

(Doc. 18, Ex. A at 9).  In response, Home Depot produced approximately 70 minutes of video, which consisted of approximately 20 minutes of "customer activity" before the fall, and approximately 50 minutes showing the fall, the arrival of the emergency squad, and the removal of the cord.

Later, the Rosses moved to compel the production of all of the video footage, beginning with "the fan display at issue being set up," which was sometime between April 9 and April 20, 2012. (Doc. 18 at 3).  After initially objecting to the production of this evidence on relevance grounds, Home Depot admitted that this particular footage no longer existed.  Consequently, the Court denied the motion to compel, but noted that "[t]he circumstances leading up to the destruction of any footage which once existed will be a topic of discovery ... as well as possible motions practice in the future."  (Doc. 20 at 1).

Next, the Rosses sent out a deposition notice "requesting that Defendant produce the employee(s) most knowledgeable as to the surveillance system at issue and the company's policies and procedures regarding the preservation of video footage."  (Doc. 57 at 4).  Home Depot objected to the notice and filed a motion for a protective order. (Doc. 23).  In the motion, Home Depot argued that the information sought was irrelevant, and that the deposition would be "burdensome, expensive, and fundamentally, [sic] unnecessary."  <u>Id.</u> at 1. The Court denied the motion for a

protective order.  Several depositions followed.

Two of those depositions are particularly relevant to the motion for sanctions.  First, Bianca Hansberry, the operations assistant store manager at Home Depot, testified that after receiving the preservation letter on July 3, 2012, she forwarded it to Sedgwick Claims Management Services, Inc. ("Sedgwick"), the administrator of Home Depot's liability coverage, the same day. (Doc. 57, Ex. L at 45-47).  Ms. Hansberry also testified that she asked Lisa Young, the Asset Protection Manager at Home Depot, to "record video as far back as she could possibly get of this particular display for this claim."  Id. at 49.

In her deposition, Lisa Young testified that the DVR system at Home Depot is capable of storing 90 days of video footage, and the same amount of footage can be exported and burned onto a CD. Id., Ex. N at 30-33.  Ms. Young saved the footage which captured the incident involved in this case; however, she did not recall when she did so.  Id. at 47.  Ms. Young testified that it was her typical practice to "save the video within 48 hours" of being contacted regarding an incident.  Id.  She also testified that she gathers the footage of any incident using the following method:

> I go back to where – whoever got hurt, I wait for them
> to enter into the screen.  And I start from there, and
> then I go to the end of the incident.

Id. at 50.  In this case, Ms. Young stated that she gathered the footage in her typical manner and ended the footage when "the ambulance had taken [Ms. Ross] away."  Id.  However, she was not asked to obtain any additional video, including video of when the display was set up and video of other customers' encounters with it, until September or October of 2012.  By that time, the footage was no longer available.  Id. at 55, 64.

## II. Discussion

The parties generally agree on the law governing the motion for sanctions. See Doc. 68 at 2. The Court of Appeals has held that a district court may sanction a litigant for spoliation of evidence if the following conditions are satisfied:

> First, the party with control over the evidence must have had an obligation to preserve it at the time it was destroyed. Second, the accused party must have destroyed the evidence with a culpable state of mind. And third, the destroyed evidence must be relevant to the other side's claim or defense.

Byrd v. Alpha Alliance Ins. Corp., 518 Fed. Appx. 380, 383-84 (6th Cir. 2013) (internal citations omitted). In addition, as Home Depot points out, "[t]he party seeking the sanction bears the burden of proof in establishing these facts." Id. at 384. The Court examines these conditions in turn.

### A. Duty to Preserve

A duty to preserve "may arise when a party should have known that the evidence may be relevant to future litigation." Id. at 384 (quoting Beaven v. U.S. Dep't of Justice, 622 F.3d 540, 553 (6th Cir. 2010)). In this case, Home Depot argues that plaintiffs' "extraordinary request for video of the display prior to the occurrence that was then superseded by a request made in discovery, did not create a duty on Home Depot to preserve video that was reasonably believed to be irrelevant." (Doc. 68 at 3). Home Depot points out that plaintiffs "asked no questions of the Home Depot witnesses as to their belief as to what video was relevant to the potential litigation," and argues that "it can be reasonably inferred that Home Depot believed it preserved the relevant video footage...." Id. Thus, Home Depot disputes that it had a duty to preserve, but it also argues, alternatively, if it had a duty, it was satisfied.

Although not entirely clear, Home Depot's argument seems to be that no duty to preserve arose because the Rosses' first

document request was more narrow in scope than their preservation letter and because they did not ask Home Depot's witnesses about their subjective beliefs regarding the relevance of the now-destroyed footage. Home Depot's alternative argument seems to be that the footage it did produce was sufficient to satisfy any obligation it had to preserve evidence.

Neither of these arguments has merit. Whether Home Depot's employees subjectively believed that the footage was relevant to this case is not the issue. The duty to preserve evidence arises when a party *should have known* that the evidence might be relevant to future litigation. <u>Beaven</u>, 622 F.3d at 553. Home Depot was put on notice that the lost footage might be relevant to this litigation. The preservation letter expressly sought, <u>inter</u> <u>alia</u>, preservation of "all video showing the fan display area from the time the fan display was erected...." (Doc. 57, Ex. A at 2). The duty to preserve that evidence did not vanish just because the Rosses' first document request was narrower than their preservation letter.

Further, as the Court discussed in its decision on the motion for a protective order, the missing footage might well have been relevant to this case. (Doc. 28 at 5-6). This factor is discussed more fully below. Accordingly, the Court finds that Home Depot, the party with control over the evidence, had an obligation to preserve it at the time it was destroyed. The first condition required to sanction a litigant for spoliation of evidence is therefore satisfied.

### B. <u>Culpable State of Mind</u>

The second condition necessary to sanction a litigant for spoliation of evidence requires the Court to determine whether Home Depot destroyed the evidence with a culpable state of mind. In this case, Home Depot argues that sanctions are not warranted because "plaintiffs have completely failed to introduce any

evidence of a culpable mindset or bad faith." (Doc. 68, at 3-4). Again, Home Depot points to the Rosses' failure to ask pertinent questions during the depositions of Home Depot's witnesses, stating that "at no point during any of the six depositions of Home Depot employees does plaintiffs' counsel ask a single question as to intent, motive, or frame of mind with regard to the treatment of the historical video." Id. at 4. Home Depot also relies upon several cases which, in its view, support its argument that its conduct does not constitute spoliation of evidence.

In Pollard v. City of Columbus, 2013 WL 5334028, *4 (S.D. Ohio Sept. 23, 2013), the Court observed:

> To prove a culpable state of mind, a party must demonstrate that the alleged spoliator destroyed the evidence knowingly or negligently. A culpable state of mind, the Sixth Circuit has explained, depends on the alleged spoliator's mental state regarding any obligation to preserve evidence and the subsequent destruction. This factor may be satisfied by a showing that the evidence was destroyed knowingly, even if without an intent to breach a duty to preserve it, but even negligent conduct may suffice to warrant spoliation sanctions under appropriate circumstances.

(internal quotations and citations omitted). Accordingly, spoliation "fall[s] along a continuum of fault, ranging from innocence to intentionality...." Id.

In this case, it is not disputed that Home Depot did not preserve evidence which was requested by the preservation letter and which existed when that letter was received. Although the Rosses have not provided any direct evidence of bad faith, Home Depot's conduct was, at the very least, negligent. It is a fair inference from the record (and the Court makes that inference) that Home Depot did not take reasonable steps to make sure that Ms. Young, who was tasked with preserving the evidence, knew what was actually in the preservation letter. Also, Home Depot did

-6-

not ask her or anyone else to look at the footage which the letter requested before allowing that footage to be destroyed. Because negligent conduct can satisfy the second condition necessary to sanction a litigant for spoliation of evidence, the Rosses have proved that Home Depot acted with a sufficiently culpable state of mind. See Byrd, 518 Fed. Appx. at 384.

The cases cited by Home Depot do not suggest otherwise. Eby v. Target Corp., 2014 WL 941906, *5 (E.D. Mich. Mar. 11, 2014) is distinguishable because the only evidence before the Court was that "the video cameras did not capture the area where Plaintiff fell and so Target did not retain them." Although Jackson v. Target Corp., 2013 WL 3771354, at *2 (E.D. Mich. July 18, 2013) and Health v. Wal-Mart Stores East, 697 F.Supp. 2d 1373 (N.D. Ga. 2010) are more like this case, neither of those cases involved a situation where, as here, the prospective plaintiffs specifically requested preservation of the evidence at issue at the outset of the litigation and prior to its destruction. Because that is exactly what happened here, the second condition is satisfied.

### C. Relevance

The third condition necessary to sanction a litigant for spoliation of evidence is that the destroyed evidence might have been relevant to the opposing party's claim or defense. In its decision on the motion for a protective order, this Court found that the missing footage might have contained information which would have led to other discovery, such as additional witnesses (either Home Depot customers or employees) who could testify about the condition of the display, or it might have shown other trips or falls which would have been similar to Ms. Ross' accident, even if they did not result in any claim against Home Depot or injury to the customer. The Court also found that the nature and details of other customers' encounters with the cord might provide factual context for a determination of whether the

condition posed an open and obvious danger. For the same reasons, the Court finds that the third condition required to sanction a litigant for spoliation of evidence has been satisfied. It cannot be known for certain that anything on the now-destroyed footage was relevant, but it might have been, and that is enough. Consequently, the Court finds that actionable spoliation occurred in this case and that some type of sanction is warranted.

### D. Sanctions

This Court has wide-ranging discretion to create a proper sanction for spoliation of evidence. Pollard, 2013 WL 5334028, *6. The Court's authority to impose sanctions for spoliation does not arise "from substantive law but, rather, 'from a court's inherent power to control the judicial process.'" Equal Emp't Opportunity Comm'n v. JP Morgan Chase Bank, N.A., 295 F.R.D. 166 (S.D. Ohio 2013)(quoting Adkins v. Wolever, 554 F.3d 650, 652 (6th Cir. 2009)). The Court must be mindful to "impose a sanction that is proportionate to the seriousness of the infraction" under the particular facts of this case. In re Smartalk Teleservices, Inc., 487 F. Supp.2d 947, 950 (S.D. Ohio 2007). The least severe sanction must be imposed, one that is commensurate with the degree of prejudice to the non-offending party. Pullins v. Klimley, 2008 WL 85871, *6 (S.D. Ohio Jan. 7, 2008). Home Depot bears the burden of establishing lack of prejudice from its spoliation of evidence. See Austral-Pacific Fertilizers, Ltd. v. Cooper Indus., Inc., 1997 WL 124097, at *4 (6th Cir. Mar. 18, 1997) (describing this burden as "an uphill battle").

Of course, it is difficult to know what the value of the evidence at issue would have been had it not been destroyed. Given the fact that Home Depot has produced all of its records concerning any incidents with the display and has also made the

employees familiar with its construction and operation available to be deposed, there is a fair chance that the missing footage would not have shown anything which the parties do not already know. The opposite conclusion, however, cannot be definitively ruled out. Thus, there is probably some prejudice to the Rosses, but it is not likely a great deal of prejudice.

The Rosses have asked the Court to give a mandatory adverse-inference instruction, which would instruct the jury "that the lost video footage would have been favorable Plaintiff's claims for compensatory and punitive damages in this matter." (Doc. 72 at 7). Because there is no evidence that Home Depot acted in bad faith and because the footage would in all likelihood be mostly cumulative of existing evidence, the Court finds that a permissive adverse-inference instruction is a more appropriate sanction. A permissive adverse-inference instruction allows, but does not require, the jury to infer a given fact, and it is appropriate when the culpable state of mind is negligence. Arch Ins. Co. v. Broan-NuTone, LLC, 509 Fed. Appx. 453, 459 (6th Cir. 2012).

Based upon the foregoing, the jury will be instructed as follows:

> You have heard testimony about video footage that was not produced. The Rosses have argued that this evidence may have shown something important about this dispute.
>
> This Court has found, and you must accept as true, that the Rosses requested Home Depot to preserve video footage showing the fan display area from the time the fan display was erected until after Ms. Ross fell and was taken away by the EMS squad. That footage existed when she asked for it, but the only footage which Home Depot kept was the footage beginning 20 minutes before the fall and ending about 50 minutes later.
>
> The Court has also found, and, again, you must accept this finding to be true, that Home Depot negligently failed to preserve this evidence - that is, it did not

> take reasonable steps to make sure that the footage in question was not recorded over even though it had been asked to do that.
>
> From this Court's findings, you are allowed to infer, or conclude, that the lost footage would have shown something favorable to the Rosses and unfavorable to Home Depot.
>
> I am not telling you that you have to reach that conclusion, only that you can if you think it reasonable. Whether or not you do so is solely a matter within your collective discretion based on your consideration of this instruction and all of the other evidence in the case.

Of course, this instruction may be modified by the Court at the time of trial in order to make it consistent with evidence and argument presented.

Finally, the Rosses have asked this Court to award sanctions in the form of attorneys' fees for the time and effort expended in discovery and motion practice relating to the missing video footage. They have prevailed on their motion, but Home Depot made legitimate arguments both about whether any sanction should be imposed and about what sanction might be appropriate. For these reasons, the Court does not believe an award of attorneys' fees is warranted.

### III. Conclusion

Based upon the foregoing, the motion for sanctions for spoliation of evidence (Doc. 57) is granted. The jury will be given a permissive adverse-inference instruction as follows:

> You have heard testimony about video footage that was not produced. The Rosses have argued that this evidence may have shown something important about this dispute.
>
> This Court has found, and you must accept as true, that the Rosses requested Home Depot to preserve video footage showing the fan display area from the time the fan display was erected until after Ms. Ross fell and was taken away by the EMS squad. That footage existed when she asked for it, but the only footage which Home Depot

kept was the footage beginning 20 minutes before the fall and ending about 50 minutes later.

The Court has also found, and, again, you must accept this finding to be true, that Home Depot negligently failed to preserve this evidence - that is, it did not take reasonable steps to make sure that the footage in question was not recorded over even though it had been asked to do that.

From this Court's findings, you are allowed to infer, or conclude, that the lost footage would have shown something favorable to the Rosses and unfavorable to Home Depot.

I am not telling you that you have to reach that conclusion, only that you can if you think it reasonable. Whether or not you do so is solely a matter within your collective discretion based on your consideration of this instruction and all of the other evidence in the case.

This instruction may be modified by the Court at the time of trial in order to make it consistent with evidence and argument presented. The Rosses' request for attorneys' fees is denied.

/s/ Terence P. Kemp
United States Magistrate Judge